# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
PENLAND, HAYES, and MORRIS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant DYLAN L. GRIFFIN**
**United States Army, Appellant**

ARMY 20220211

Headquarters, Fort Carson
Steven C. Henricks and Jacqueline L. Emanuel, Military Judges
Colonel Ryan B. Dowdy, Staff Judge Advocate

For Appellant: Colonel Michael C. Friess, JA; Major Bryan A. Osterhage, JA (on brief); Colonel Philip M. Staten, JA; Major Bryan A. Osterhage, JA (on reply brief).

For Appellee: Lieutenant Colonel Jacqueline J. DeGaine, JA; Major Andrew M. Hopkins, JA; Captain Stewart A. Miller, JA (on brief).

26 October 2023

------------------------------------
SUMMARY DISPOSITION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent*

PENLAND, Senior Judge:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of one specification of child sexual abuse, in violation of Article 120b, Uniform Code of Military Justice, 10 U.S.C. § 920b [UCMJ]. She sentenced appellant to a dishonorable discharge, and 7 years of confinement. We review the case under Article 66, UCMJ.

Appellant and the convening authority reached a pretrial agreement,[1] and the offer portion required the military judge to sentence appellant to a dishonorable discharge. The military judge discussed this provision in detail with appellant at the guilty plea inquiry, and he ultimately indicated it was his "expressed desire" to receive a dishonorable discharge. The military judge sentenced him to that punishment, and confinement. Appellant now complains the pretrial agreement's dishonorable discharge term was invalid, entitling him to a new sentencing proceeding.

Rule for Courts-Martial [R.C.M.] 705(a) (2016 ed.), authorizes the service secretaries to establish limits on pretrial agreements. Under that authority, Army Regulation 27-10 states in cases where "all charged offenses occurred prior to 1 January 2019....[t]he convening authority may not enter into an agreement specifying a minimum or specific sentence." Army Reg. 27-10, Legal Services: Military Justice, para. 5-27 (20 November 2020) [AR 27-10].

We agree the now-contended term was violative of Army policy, but appellant has fallen far short of showing prejudice. He writes he "voluntarily acquiesced"[2] to the discharge provision, but he did more than that. Appellant and his counsel specifically included the term with an offer to plead guilty and quantum dated 22 April 2022. The convening authority accepted both. After this arm's length transaction, appellant discussed and affirmed the term with the military judge, indicating he wanted a dishonorable discharge. Not surprisingly, he received the bargained-for sentence. Based on our common sense and experience as practitioners, we are confident the pretrial agreement's discharge provision worked to his favor by helping induce the convening authority to accept the proposed confinement limitation. We are also confident, based on our review of the record and experiences with similar cases, the military judge would have included a dishonorable discharge in the adjudged sentence even without the agreement's mandatory discharge provision.[3]

---

[1] The case was tried under the 2016 Manual for Courts-Martial, which provided for separating appellant's "offer" from the convening authority's promise to limit the adjudged sentence. Rule for Courts-Martial [R.C.M.] 705(b)(2)(E) (2016 ed.). The convening authority's promise was colloquially known as the "quantum," and its contents remained unknown to the military judge until after announcing sentence. Coincidentally, the quantum limited appellant's confinement to seven years.

[2] Appellant's brief, page 2.

[3] We do not speculate whether the discharge provision caused the military judge to adjudge less confinement, but we are certain it did not hurt appellant in that regard.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Judge HAYES and Judge MORRIS concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court